## TBA PARTNERSHIP

### v.

### Brian C. MAXWELL et al.

Supreme Judicial Court of Maine.

Submitted on Briefs May 2, 1991.

Decided May 13, 1991.

Robert Mittel, Peter G. Cary, Portland, for plaintiff.

Christopher C. Taintor, Norman Hanson & Detroy, Portland, James Audiffred, Saco, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

On this appeal we hold that a plaintiff's failure to make an attachment within 30 days after entry of the order approving the attachment does not bar a second order for attachment of the same property. On TBA Partnership's motion, the Superior Court (Cumberland County, *Cole, J.*) entered a second order approving attachment of property belonging to Brian C. and Mary L. Maxwell that had already been subject to an earlier attachment order (*Alexander, J.*). TBA sought the second order because it, for some unexplained reason, had failed to make the original attachment within the 30-day period.

Pursuant to M.R.Civ.P. 4A(e) the court may approve a subsequent or additional attachment "if the [30-day] time period ... in subdivision (c) of [Rule 4A] for making attachments has expired...." In like manner, M.R.Civ.P. 4B(g) allows a subsequent or additional attachment on trustee process "if the [30-day] time period ... in subdivision (c) of [Rule 4B] for serving trustee process has expired...." The language of these rules does not limit subsequent or additional attachments to attachment of additional or different property. Rather they clearly authorize the court to approve attachment of the same or differ-

**240**

ent property, on only two conditions; namely, that the time for acting under the first attachment order has expired and that the criteria for approving any attachment at all continue to be met. Both conditions are here satisfied, the court having twice found that TBA had satisfied the "reasonable likelihood" standard for securing attachment. *See Herrick v. Theberge,* 474 A.2d 870, 874 (Me.1984). On this record we see no demands of judicial economy or of general fairness to defendants that would justify reading an additional condition into the plain language of Rules 4A(e) and 4B(g).

The entry is:

Judgment affirmed.

All concurring.